**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MINDY CARREON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24 C 12999** |
| | ) | |
| **JUAN CAMPOS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Mindy Carreon, who was employed by United Parcel Service, has filed a *pro se* lawsuit against a number of officials of Teamsters Local 705, the labor union that represents UPS workers. Ms. Carreon first filed her lawsuit using a form for employment discrimination complaints. She also filed a motion to proceed *in forma pauperis*, that is, without prepaying the usual filing fee. The Court therefore reviewed her complaint under 28 U.S.C. § 1915(e)(2) to determine if it stated a claim upon which relief may be granted.

In an order issued on December 19, 2024, the Court concluded that Ms. Carreon's complaint had to be dismissed because: (1) it did not describe what each defendants did or failed to do that she contends violated her rights; (2) the complaint did not identify any prohibited basis on which Ms. Carreon contended the defendants had discriminated against her; (3) she had not named the union as a defendant; and (4) even though Ms. Carreon seemed to be saying she had been wrongfully terminated,

she had not named UPS as a defendant either. The Court therefore dismissed the complaint and advised Ms. Carreon that unless she filed a proposed amended complaint that stated at least one viable claim over which the Court has jurisdiction, the Court would dismiss the case.

Ms. Carreon filed an amended complaint on December 31, 2024, this time using a different form, one intended for complaints involving violations of constitutional rights. In her amended complaint, Ms. Carreon again names as defendants a number of Local 705 officials but not the union itself. In describing her claims, Ms. Carreon's amended complaint does not do a much better job than the first version. She alleges she has been subjected to "harassment" but does not explain what she means by this and does not identify any legally prohibited basis rendering the harassment illegal. *See* Dkt. 9, ECF p. 5 of 7. She says her rights have been violated by the union and the company— again, neither of which she has named as a defendant in this lawsuit—but does not say what rights or how they have been violated. *See id.* And she says she has been "falsely accused in my employee file" but does not say what she has been falsely accused of. *See id.,* ECF p. 6 of 7. The amended complaint, taken as a standalone document, is insufficient to state a viable legal claim.

Ms. Carreon's complaint also refers to and attempts to incorporate "exhibits" that she filed a few days later, on January 2, 2025. These consists of 88 pages of miscellaneous documents relating to claims she has filed with various federal and state agencies. The exhibits shed a bit of light on the legal claims that Ms. Carreon may be intending to assert in her amended complaint and allow the Court to get a sense of the underlying issues.

The documents provided by Ms. Carreon include EEOC charges against UPS and Local 705—again, neither of which she names as a defendant in this case— claiming harassment and discrimination but not identifying the basis on which she claims to have been discriminated against or harassed. In one of these documents, Ms. Carreon contends that on an unspecified date, "an employee . . . coaxed me out of my home and had me beaten severely with several other company and family employees." Dkt. 10, ECF p. 25 of 88. In the same document, Ms. Carreon claims that "an employee plac[ed] something in my semi in return leaving me with bumps and burning rashes all over my body and letting me know his son works for a bio chemical lab." *Id.* In another document, Ms. Carreon indicates that after she went to the hospital in July 2024 for a medical issue (perhaps involving the rashes?), a UPS supervisor asked or told her to undergo a psychological evaluation before returning to work, which she appears to contend was improper. *Id.*, ECF p. 2 of 88. Ms. Carreon also appears to say that a union official named O'Connor (who is sued here) filed but failed to pursue a grievance on her behalf about this. *Id.*

A summary of Ms. Carreon's claims appears in a complaint she filed with the National Labor Relations Board in late October 2024, which is among the exhibits she has submitted. In that complaint, she alleged the following:

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)
    In the last 6 months, the above-named Employer has unlawfully retaliated against its employee, Mindy Carreon, for engaging in union and or protected concerted activities by:
    1. Issuing a notice of suspension to Ms. Carreon on about July 9, 2024,
    2. Demanding on about July 11, 2024 that Ms. Carreon have a psych evaluation,
    3. Precluding Ms. Carreon from working since July 2024,
    4. Threatening to terminate Ms. Carreon,
    5. Demanding that Ms. Carreon sign a SAP form for drug/alcohol testing,
    6. Suspended Ms. Carreon's badge,
    7. Terminating Ms. Carreon on about September 9, 2024.

*Id.*, ECF p. 15 of 88. Elsewhere Ms. Carreon seems to say that this conduct amounted

3

to retaliation for raising "safety concerns," *see id.*, ECF p. 24 of 88, which seems to be a reference to her reporting of the alleged beating and the alleged incident when she says a chemical or other substance was put into her truck. Ms. Carreon also appears to allege that after she was terminated, the union refused to pursue a grievance on her behalf. *See id.*, ECF p. 25 of 88.

Nothing in Ms. Carreon's amended complaint or the 88 pages of exhibits suggests grounds for a claim that she was discriminated against or harassed on any basis prohibited by federal law. Rather, Ms. Carreon appears to be asserting a claim that UPS wrongfully terminated her and that Local 705 did not represent her adequately. The conduct she alleges might give rise to a claim against *the union* for breach of its duty of fair representation, *see, e.g., Vaca v. Sipes*, 386 U.S. 171 (1967); *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 47 (1979); *Lewis v. Local Union No. 10 of Laborers' Int'l Union of N. Am., AFL-CIO*, 750 F.2d 1368, 1376 (7th Cir. 1984), but the Court can discern no viable basis under federal law for her to sue union officials as individuals. The duty of fair representation is a duty that, legally speaking, falls upon a union as the workers' representative, not upon individual union officials. *See Foust*, 442 U.S. at 46.

A claim against a union for breach of its duty of fair representation is typically included as part of what is sometimes called a "hybrid" lawsuit in which the plaintiff challenges both her wrongful termination by the employer in violation of the union contract as well as the union's failure to represent her adequately. *See generally DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). Ms. Carreon has filed a separate lawsuit against UPS personnel, *see* Case No. 24 C 12998 (N.D. Ill.)

4

(Chang, J.), but she did not include the union in that lawsuit.

However, the law appears to allow a stand-alone suit against a union in these circumstances for breaching its duty of fair representation. *See Lewis*, 750 F.2d at 1377. (To be clear, though, to prevail against the union in a case like this the employee has to also prove that the employer breached the collective bargaining agreement in terminating the employee. *See, e.g., Copeland v. Penske Logistics LLC*, 675 F.3d 1040, 1042 (7th Cir. 2012).) In short, Ms. Carreon is not precluded from proceeding against the union by itself, in a separate lawsuit. But that is not what she has done. Rather than suing the union local, Ms. Carreon has sued its officials. Because a claim for breach of fair representation must be brought against the union itself, Ms. Carreon's claim against the defendants she has sued is deficient and must be dismissed.

## Conclusion

For these reasons, the Court, pursuant to 28 U.S.C. § 1915(e)(2), dismisses Ms. Carreon's amended complaint for failure to state a claim. The Court will give her one final chance to amend her complaint to attempt to state a viable claim. If she does not file an amended complaint with a viable claim by January 27, 2025, the Court will enter judgment against her.

Date: January 13, 2025

_____
MATTHEW F. KENNELLY
United States District Judge

5